IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KAREN D. MAJETTE,<br><br>    Plaintiff<br><br>VS.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant | NO. 5:08-CV-448 (HL)<br><br>**SOCIAL SECURITY APPEAL** |

**O R D E R**

   This is a review of a final decision of the Commissioner of Social Security denying plaintiff Karen D. Majette's claim for benefits under the Social Security Act, 42 U.S.C. § 423. On October 27, 2005, the plaintiff filed an application for supplemental security income alleging disability beginning April 10, 2004. This application was denied initially on January 13, 2006, and upon reconsideration on January 26, 2006. Thereafter, on March 22, 2006, plaintiff timely requested a hearing before an administrative law judge ("ALJ"). That hearing was held on June 20, 2007.

   The ALJ found that the plaintiff was not disabled in a written decision dated December 20, 2007. The Appeals Council denied the plaintiff's request for review on April 18, 2008, making the hearing decision the final decision of the Commissioner. Thereafter, on June 4, 2008, the plaintiff filed the instant Complaint. Tab #1. The defendant then answered the complaint (Tab #13) and filed the administrative record (Tab #13). The matter is now ripe for review.

**LEGAL STANDARDS**

   The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal

standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social Security Act is, therefore, a narrow one. The court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). In so doing, the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker,* 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking supplemental security income benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the regulations, the Commissioner determines if a claimant is disabled by a five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## DISCUSSION

Plaintiff Majette originally applied for supplemental security income benefits

claiming disability arising from work-related injuries to her right shoulder, neck, and back.[2] When her request for benefits was denied, she timely sought and was granted a hearing before an ALJ. Following this hearing, and upon consideration of the evidence, the ALJ found that she was not under a disability as defined by the Social Security Act. Having reviewed this decision as well as the record in this case, this Court agrees.

In his written decision, the ALJ identified and then utilized the five-step procedure for determining disability as is required by the provisions of 20 C.F.R. § 404.1520, Appendix 1, Part 404. At step one, the ALJ confirmed that the plaintiff had not engaged in substantial gainful activity since October 27, 2005 - the date of her application. At step two, the ALJ determined that the plaintiff suffers from a right shoulder impairment and back strain, both of which he deemed severe. At step three, citing to and relying upon the medical records in evidence as well as the plaintiff's own testimony, the ALJ decided that the plaintiff's impairments did not meet or medically equal any of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. Before proceeding to step four, the ALJ determined that the plaintiff had the residual functional capacity to perform sedentary to light work. At step four, and due in part to the fact that the plaintiff's only relevant previous work was of a medium exertional nature, the ALJ found that she would be unable to perform any past relevant work. At step five, after explicitly considering plaintiff Majette's residual functional capacity, age, education, and work experience, the ALJ determined that she would be able to do other jobs which exist in significant

---

[2] In the instant complaint, the plaintiff alleges that she is disabled and entitled to benefits due to "nerve damage, weakness (upper and lower), two mild strokes, mild brain damage on the left side, shoulder and lower back injury." (parenthetical in original).

numbers in the national economy. Consequently, the ALJ concluded that the plaintiff was not disabled as defined in the Social Security Act.

Accordingly, and because the ALJ properly applied the relevant legal standards and because his decision, which was affirmed by the Commissioner, is supported by substantial evidence, the decision of the Commissioner is **AFFIRMED**.

SO ORDERED, this 29th day of MARCH, 2010.

*s/ Hugh Lawson*
HUGH LAWSON, Senior Judge